LOURIE, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s decision to vacate and remand based upon its construction of the term “dispensing.” I believe that the district court correctly construed the disputed term in light of the specification and, for that reason, I would affirm.
“[T]he person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification.” Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed.Cir.2005) (en banc). The specification “is always highly relevant to the claim construction analysis. Usually it is dispositive; it is the single best guide to the meaning of a disputed term.” Id. at 1315 (quoting Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed.Cir.1996)). When read in the context of the specification, the claim term “dispensing” clearly means “direct dispensing.”
The '861 patent is part of a family of six other patents sharing a common specification, although only claim 15 of the '707 patent expressly recites “direct dispensing.” Claim 1 of application 07/924,052, which eventually was abandoned, was amended to include the word “direct dispensing” in order to overcome prior art. Claim 1 of the '861 patent is broader and makes no reference to dispensing directly. Nonetheless, the claims must be construed in light of the specification, which is the same for all seven patents and which repeatedly describes dispensing reagent directly from a reagent container onto a slide.
The Summary of the Invention describes “positioning a preselected reagent container support and associated reagent container in a reagent supply zone. The apparatus has a reagent delivery actuator means positioned for engaging a reagent container positioned on a container support in the reagent supply zone and initiating reagent delivery from the reagent container to a slide supported on a slide support in the reagent receiving zone.” '861 patent, col. 2, 11. 53-59. The Summary further describes using a “volumetric pump means, and a reagent delivery actuator means positioned for activating the volumetric pump means, thereby effecting delivery of reagent from a reagent container by the volumetric pump to the reagent delivery zone.” '861 patent, col. 3, 11. 53-56. Those statements of delivery from a reagent container to a slide describe direct dispensing. They describe the essence of the invention and clearly show that the reagent is dispensed directly from a reagent container positioned in a support onto a slide.
Such statements are repeated throughout the rest of the specification. For example, in the Detailed Description of the *1186 Invention, the specification describes that “[t]he carousel 10 is rotated by the stepper motor 14 drive belt 16 to a position placing a selected reagent bottle 12 in the reagent delivery position under the air cylinder reagent delivery actuator 18 over a slide to be treated with reagent.” '861 patent, col. 6, ll. 54-57. The specification further indicates that the “reagent delivery actuator 18, supported by support arm 216, contacts reagent bottle 218, directly over slide 214.” '861 patent, col. 9, ll. 24-26 (emphasis added). The text accompanying Figure 15 describes the dispensing: “Delivery of pressurized air to the cylinder 18 causes rod 304 and its attached foot 306 to move downward against a reagent container 12 positioned in the reagent delivery zone. Downward movement of reagent container 12 causes emission of a precise volume of reagent liquid 310.” '861 patent, col. 11, ll. 40-45. Finally, Figures 1, 2, 3, 4, 11, 15 depict the apparatus that employs direct dispensing. The figures depict reagent containers in a carousel placed directly over a slide to dispense the reagent from the container onto the slide.
Statements describing dispensing reagent directly from a reagent container onto a slide are thus found in the abstract, the summary of the invention, the detailed disclosure of the invention, and the figures. Those statements do not merely describe a preferred embodiment of the invention; they broadly disclose the overall invention of all seven patents. The majority points out that, because the preferred embodiment discloses direct dispensing, we should not limit the claims to only that which is the disclosed embodiment. However, this is not a case of limiting the claims by looking at a preferred embodiment. Direct dispensing is the essence of the invention, and the specification supports that conclusion. The specification, shared by all seven patents, leads to the “inescapable conclusion” that the invention of the '861 patent consists of “direct dispensing.” Microsoft Corp. v. Multi-Tech Sys., Inc., 357 F.3d 1340, 1348 (Fed.Cir. 2004) (citing SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc., 242 F.3d 1337, 1342 (Fed.Cir.2001)). Moreover, nowhere does the specification suggest that the invention includes the alternative “sip and spit” dispensing method, involving dispensing reagent from an upright container by means of a pipette. Accordingly, I believe that the district court correctly construed the claims to require “direct dispensing.”
An examination of the prosecution history confirms that Ventana viewed its inventions as limited to direct dispensing. In a related grandparent application, in order to overcome an examiner’s rejection, Ventana argued that the prior art lacked the “present invention’s novel capability to dispense reagent ‘directly to a sample’ ” and that the “apparatus of the present invention” uses a reagent carousel and reagent container supports, “which minimize the time required to apply a given reagent, and the time between the application of multiple reagents, by dispensing reagent ‘directly to a sample.’ ” Ventana further stated: “As can be seen in the Figures, the reagent carousel is positioned above the samples and the reagent containers are oriented within the carousel with their outlet nozzles pointing down such that they are ready to dispense reagent directly to the sample below.” Those statements made in the prosecution of the related patent application, having the same specification, reflect that Ventana understood its own invention to be limited to direct dispensing. We cannot construe the claims to cover subject matter broader than that which the patentee described in its specification, regarded as comprising its invention, and represented to the Patent and Trademark Office.
*1187 Even though those statements from the prosecution were made in a grandparent patent application, they relate to the common specification and reflect Ventana’s own understanding of its invention. I believe, therefore, that the statement in the prosecution of the '052 application is indicative of the proper interpretation of the same claim term in the later-issued '861 patent.
In sum, the district court appropriately considered the specification and related prosecution history and determined the ordinary meaning of “dispensing” in light of all the intrinsic evidence. I see no error in the court’s approach or result. Accordingly, I would affirm the district court’s claim construction.